IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRENT A. WALKER and
DEVAN R. WALKER                                                             PLAINTIFFS

VS.                                          CASE NO. 13-CV-01080

LION OIL TRADING &
TRANSPORTATION, LLC,
JOHN H. WARREN, and
JAMES SCOT WIGGINS                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion for Attorneys' Fees. (ECF No. 34). The Defendants have responded. (ECF No. 36). The Plaintiffs have filed a Reply to Defendants' Response. (ECF No. 40). The Court finds this matter ripe for consideration. For the reasons reflected herein, Plaintiffs' Motion for Attorneys' Fees is GRANTED.

I. Background

The Plaintiffs' Complaint (ECF No. 3) alleged that the Plaintiffs were residents of Arkansas, the Defendant Lion Oil Trading & Transportation, LLC ("Lion Oil") was a foreign limited liability corporation with its principle place of business in Arkansas, and the other Defendants, John H. Warren ("Warren") and James Scot Wiggins ("Wiggins") were residents of Arkansas. Defendants' Notice of Removal alleged that the Plaintiffs were citizens of Arkansas, Lion Oil was a Tennessee corporation, and Warren and Wiggins were citizens of Arkansas but were fraudulently joined to defeat federal diversity jurisdiction. (ECF No. 1). Plaintiffs moved to remand, arguing that Warren and Wiggins were properly joined, and Lion Oil made no argument to refute the fact that its principle

place of business was in Arkansas. (ECF No. 13). Defendants responded that Lion Oil did not have a principle place of business in Arkansas, and that Warren and Wiggins were fraudulently joined. (ECF No. 17).

In Plaintiff's Second Motion to Remand, they argued that, for diversity of citizenship purposes, the citizenship of limited liability corporations, including the Defendant Lion Oil, is the citizenship of each state where its members reside. (ECF No. 29). The Defendants responded that "[b]ased on facts that have been discovered and developed after the defendants filed their original notice of removal, the defendants acknowledge that plaintiffs' most recent argument as to [Lion Oil]'s citizenship is well taken and that this matter should be remanded." (ECF No. 31). The Court thereafter remanded the matter to the Circuit Court of Columbia County, Arkansas, (ECF No. 32), and the Plaintiffs timely filed this Motion for Attorneys' Fees.

II. Discussion

A. Jurisdiction

Defendants first argue the Court lacks jurisdiction to award attorneys fees because the award of fees must be made in the remand Order. "[D]istrict courts retain jurisdiction to consider collateral matters after remand and that attorney's fees may be awarded under a separate order." *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 365 (7th Cir. 2000); *see also* 14C Charles A. Wright, et al., Federal Practice and Procedure: Jurisdiction and Related Matters, § 3739, at 900-902, n. 95 (4th ed. 2009) (collecting cases). Courts addressing this particular issue have held that district courts have jurisdiction to resolve a motion for attorneys fees and costs under 28 U.S.C. § 1447(c) after a remand order has been issued. *See Bryant v. Britt*, 420 F.3d 161, 165-66 (2d Cir. 2005) (collecting cases).

The Court finds these authorities persuasive and holds that it has jurisdiction to make such an award, if appropriate.

## B. Merits

Plaintiffs assert that an award is proper because the Defendants had no objectively reasonable basis for removing the case. Absent unusual circumstances, attorneys fees should not be awarded when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Plaintiffs argue that Lion Oil, at the time of removal, had no objective basis to remove because it is well established in the Eighth Circuit that, for diversity jurisdiction purposes, the citizenship of a limited liability corporation is the citizenship of its individual members. *See GMAC Commercial Credit LLC v. Dillards Department Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). They also argue that Lion Oil's fraudulent joinder argument that was later abandoned was unsupported. In response, Defendants assert that the parties were initially operating under the assumption that Lion Oil was a corporation and its citizenship would be determined as such, they did not remove for an improper purpose because they were honest when discovering that there was not diversity jurisdiction, and finally that Plaintiffs could have avoided fees by arguing the proper determination of Lion Oil's citizenship from the beginning.

The Court agrees with the Plaintiffs that the Defendants' basis for removal was not

objectively reasonable.  Defendants, even if their fraudulent joinder arguments were plausible, did not have a reasonable basis for arguing that the parties were diverse.  The Plaintiffs and Lion Oil were citizens of Arkansas and thus diversity jurisdiction did not exist at the time of removal.  There was controlling, settled law in the Eighth Circuit foreclosing Defendants' argument.  *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also Missouri ex rel. Carnahan v. Stifel, Nicolaus & Co.*, 648 F.Supp.2d 1095, 1099 (E.D.Mo. 2009) (ordering attorney's fees where law was clear).  Unlike issues of first impression, issues involving a circuit split, novel issues, or cases where the removability arguments are plausible, *see Asplund v. iPCS Wireless, Inc.*, 602 F.Supp.2d 1005, 1012 (N.D.Iowa 2008) (denying attorney's fees where first impression issues underlay removal argument), *see also* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 (3d ed.1998) (noting award of fees is at discretion of district court, and fees may be denied "when there are reasons to believe that the removability of the case was plausible"), the law in this circuit and around the country is clear that a limited liability corporation is deemed a citizen of each state in which its members are citizens for diversity of citizenship purposes.  While the Defendants attempt to shift responsibility to the Plaintiffs, the Defendant Lion Oil was the party with knowledge of the circumstances of its own citizenship at the time of removal.

     Lion Oil argues it should not be assessed fees because it did not act in bad faith.  The Eighth Circuit has not rendered an opinion on whether a court must find bad faith before it can award attorneys' fees.  District courts within the Eighth Circuit have split when faced with the issue.

*Compare Ross v. Thousand Adventures of Iowa, Inc.*, 178 F.Supp.2d 996, 1003 (S.D. Iowa 2001) (court must determine that the party opposing remand acted in bad faith before awarding fees); *Wells''Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, 157 F.Supp.2d 1018, 104-42 (N.D.Iowa 2001) (same); *Farmers Co-operative Elevator of Buffalo Ctr., IA v. Abels*, 950 F.Supp. 931, 941(N.D. Iowa 1996) (same), *with Calloway v. Union Pac. R .R. Co.*, 929 F.Supp. 1280, 1283 (E.D.Mo. 1996) (decision to award fees not dependant on finding of bad faith), and *Lytle v. Lytle*, 982 F.Supp. 671, 674 (E.D.Mo. 1997) (noting that while propriety of the removal is a key factor, an award of fees does not rest upon a finding that the state court action was removed in bad faith).  Most courts in the Eighth Circuit at least agree that propriety, or motive, constitutes at least a factor in the determination of awarding attorneys' fees.  While the Court does not think the Defendants' removal was made in bad faith, the Court finds that Defendants' erroneous decision to remove the case to this Court has resulted in a waste of this Court's and Plaintiffs' counsel's time and resources and could have been easily avoidable by simple research.  The Court, therefore, finds it appropriate for Defendants to bear Plaintiffs' attorney fees incurred in bringing and responding to this motion to remand.  28 U.S.C. § 1447(c) (permitting assessment of fees and costs); *Am. United Life Ins. Co. v. Franklin*, 97 F.2d 76 (8th Cir. 1938) (awarding fees and costs).

Plaintiffs state that its counsel has expended 25.9 hours to secure remand.  The Court finds that a rate of $275.00 an hour for an experienced lead counsel is reasonable and the hourly rate of $175.00 an hour for an associate attorney is reasonable.  The lead attorney on the case expended 6.5 hours reviewing and revising the various motions of both parties, conferencing with the associate attorney, and telephone conferencing with Defendants' attorney.  The associate attorney expended

5

19.4 hours conferencing with the lead attorney, research and writing various briefs and responses, and drafting correspondence. (ECF No. 34, Ex. 1). The Court notes that some of the hours could have been avoided had the Plaintiffs made their limited liability corporation citizenship arguments in their first Motion to Remand to the Court. However, the Court also notes that all of the hours could have been avoided had the Defendants not removed the case when there was no plausible basis for removal. For the work provided to litigate this removal and remand, the Defendants are ordered to pay Plaintiffs attorney fees in the amount of $5,047.50, per the reasonable rates for attorneys and hours expended to litigate in federal court.

### III. Conclusion

Upon consideration of the issues presented in this case, the Court finds that an award of attorneys' fees is appropriate. Accordingly, the Court finds that Plaintiffs' Motion for Attorneys' Fees (ECF No. 27) should be and hereby is GRANTED. Defendants are ordered to pay Plaintiffs $5,047.50 in attorneys' fees.

**IT IS SO ORDERED**, this 21st day of October, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge